# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory C. Krug, # 15503-075, | ) | C/A No.: 4:12-803-CMC-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Julie M. Brock, | ) | |
| Defendant. | ) | |

Plaintiff Gregory C. Krug ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a federal inmate at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. Plaintiff brings this action pursuant to the holding in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), against Julie M. Brock ("Defendant"), a case manager in the Clerk's Office of the United States Court of Appeals for the Sixth Circuit in Cincinnati, Ohio. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff is serving a term of imprisonment at FCI-Williamsburg for violating terms of his supervised release. Plaintiff alleges that, as the result of a conspiracy among

an assistant United States attorney, a district judge, and numerous others, Plaintiff on June 15, 1999, was convicted of violating 26 U.S.C. § 5681(d), 18 U.S.C. § 922(e), and 18 U.S.C. § 924(b). On direct appeal, the Sixth Circuit affirmed Plaintiff's convictions and sentence in *United States v. Krug*, No. 99-6542, 20 Fed. Appx. 271 (6th Cir. Aug. 30, 2001).

The present case concerns a motion for extension of time to file a petition for rehearing *en banc* [Entry #1-1], which Plaintiff attempted to file after the Sixth Circuit affirmed the revocation of Plaintiff's supervised release in *United States v. Krug*, No. 08-6405, 379 Fed. Appx. 473 (6th Cir. June 1, 2010). Plaintiff alleges that Defendant, in absence of all jurisdiction, denied Plaintiff's motion for extension of time to file a petition for rehearing *en banc*. [Entry #1 at 6].

II.  Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2) (B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S.

25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Quasi-Judicial Immunity for Court Support Personnel

Under cases such as *Forrester v. White*, 484 U.S. 219, 226–27 (1988), immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved. This derivative immunity is sometimes called quasi-judicial immunity in this judicial district.

*Abebe v. Propes*, No. 0:11-1215-MBS-PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011).

2. Defendant has Quasi-Judicial Immunity

Plaintiff's second exhibit [Entry #1-3] reveals that when he filed his motion for extension of time to file a petition for rehearing *en banc*, Defendant returned the pleading to Plaintiff pursuant to standard Sixth Circuit procedure. The letter of July 20, 2011, from Defendant to Plaintiff states as follows:

> Re: Case No. 08-6405, *USA v. Gregory Krug*
> Originating Case No : 98-00138-001
>
> Dear Mr. Krug:
>
> Enclosed please find your document entitled "Appellant's request for a 14-day extension of time in which to file a petition for rehearing en banc". This document is being returned to you UNFILED. A petition for panel rehearing was previously filed and denied. The mandate has issued and **no further documents will be accepted for filing on this case.**

*Id.*

Defendant's letter indicates that Plaintiff submitted his motion for an extension of time after the Sixth Circuit had issued the mandate. The docket sheet for Plaintiff's appeal, which is accessible through the Sixth Circuit's CM-ECF System, https://ecf.ca6.uscourts.gov/cmecf (last visited on March 22, 2012), reveals that the Sixth Circuit affirmed the judgment of the Middle District of Tennessee on June 1, 2010. Plaintiff filed a petition for rehearing on June 11, 2010. The panel denied the petition for

4

rehearing on June 24, 2010. The Sixth Circuit issued the mandate on July 7, 2010. Plaintiff's motion for extension of time was received on July 21, 2010, which was two weeks after the mandate was issued. In other words, Plaintiff sent his motion for an extension of time too late.

Defendant was following Sixth Circuit procedure when she returned Plaintiff's untimely motion for an extension of time to him. *See* 6 Cir. R. 45(a)(6) (authorizing the clerk to "prepare, sign and enter orders or otherwise dispose of" fourteen-day extensions of time relating to petitions for rehearing and petitions for rehearing *en banc*). As a result, Defendant did not act in the absence of all jurisdiction when she returned Plaintiff's untimely motion for extension of time to file a petition for rehearing *en banc* to him. Hence, the doctrine of quasi-judicial immunity bars this suit. 28 U.S.C. § 1332. *Abebe*, 2011 WL 2581385 at *3. Moreover, as a case manager for the Sixth Circuit, Defendant would be entitled to immunity from suit under controlling Sixth Circuit precedent. *See*, *e.g.*, *Bush v. Rauch*, 38 F.3d 842, 847–48 (6th Cir. 1994).

III.  Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

April 11, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).