IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory C. Krug, #15503-075, | ) | C/A NO. 4:12-803-CMC-SVH |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| Julie M. Brock, | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 11, 2012, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on April 24, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff raises several contentions in his Objections, but mainly argues that the Report errs in noting that Plaintiff's motion in the Sixth Circuit Court of Appeals for an extension of time for rehearing en banc was "too late." Report at 5. Plaintiff's objections also maintain that Defendant is not covered by Sixth Circuit Rule 45(a) because she is not "a clerk," but rather a "case manager," and that she therefore acted in absence of all jurisdiction. *See generally* Objections. This contention is without merit, as Defendant, no matter her title, is an employee of the Clerk of Court who enjoys the same quasi-judicial immunity for her actions.

This matter is dismissed without prejudice and without issuance and service of process on Defendant.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 7, 2012